### R. A. ROBINSON *v.* R. H. WAGGONER.

**Rules of Court.**
> A rule of court to compel an accepted bidder at a judicial sale to complete his purchase by giving bond that he will do so, is a reasonable rule and may be enforced.

**Partition—Ratified.**
> A partition judgment, when fair, which has been ratified by interested parties, will be held effective even though irregular, and such parties are estopped from questioning its legality.

APPEAL FROM LOUISVILLE CHANCERY COURT.

February 13, 1877.

OPINION BY JUDGE LINDSAY:

We do not regard a proceeding by rule to compel an accepted bidder at a judicial sale to complete his purchase by the execution of the proper sale bonds, as a harsh remedy. The refusal to execute these bonds is in the nature of a contempt, and the party refusing cannot complain that the chancellor adopts a summary remedy to enforce the performance of a plain duty.

If there are sufficient reasons why the sale shall not be confirmed, they may be presented upon the execution of the sale bonds, upon the filing of the report of the commissioner; and it is by no means clear that the court should consider them, where the purchaser occupies a contemptuous attitude of a bidder deliberately trifling with its officer. A purchaser seeking to prevent the confirmation of a judicial sale is in effect asking for the rescission of an executory contract, and the plaintiff in the judgment will be permitted to remove the difficulties in the way of specific execution, if he can do so before the time arrives for final action on the purchaser's exceptions. The judgment of confirmation in this case fully protects the appellant against any damage to be reasonably apprehended from the tax liens resting on the realty purchased.

We will not decide whether the judgment of partition between the heirs of Mrs. Clarke were or were not void at the beginning. It is apparently fair. It is not tinctured with fraud, and it has been in the most unmistakable manner ratified and confirmed by each and all of the parties in interest. The two infants, who are alleged not to have been before the court, have each sold and conveyed the interest allotted to them, and the rights of third parties, and among them those of the appellee, estop them now to question the legality of the partition. It is true, the record of the suit for partition shows that these persons were infants in 1867, but there is no rule of evidence that requires us to presume, for the benefit of a party seeking affirmatively to be relieved from a purchase at a judicial sale, that they were infants in 1871, 1872 and 1873, when they were selling and conveying their real estate.

Infancy in some cases may be presumed to continue within a fraction of twenty-one years, but this presumption will frequently be rebutted by a presumption founded on some fact inconsistent with the idea of such prolonged continuance. We have here agreed that the parties who were infants in 1867 were engaged in selling and conveying real estate during the last four or five years. The fact that they assume to act as adults, connected with the further fact that their conveyances of valuable real estate were accepted by the purchasers, is sufficient to rebut the presumption that either of them was an infant at the time of his ratification of the purchase in question.

We perceive no sufficient reason for disturbing the action of the chancellor, and his judgment must therefore be *affirmed*.

*L. E. Williams and C. E. Cook, for appellant.*

*I. J. Caldwell, for appellee.*